IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRUSTEES OF THE GLAZIERS,
ARCHITECTURAL METAL
AND GLASS WORKERS
JOINT APPRENTICESHIP
AND JOURNEYMAN TRAINING
FUND et al.,

No. 3:22-cv-00022-MO

OPINION AND ORDER

       Plaintiffs,

v.

COAST MIRROR COMPANY, INC.,

       Defendant.

MOSMAN, J.,

This matter comes before me on Plaintiffs' Motion for Default Judgment [ECF 12]. For the reasons below, I grant Plaintiffs' motion and enter judgment for Plaintiffs.

## BACKGROUND

Plaintiffs the Trustees of the Glaziers, Architectural Metal and Glass Workers Joint Apprenticeship and Journeyman Training Fund ("Training Fund"), Trustees of the Western Glaziers Retirement Fund ("Pension Fund"), Trustees of the Glazing Industry Promotion Fund (all three, collectively, the "Trust Funds"), and Glaziers Architectural Metal and Glass Workers Local 740 ("Union") sued Defendant Coast Mirror Company, Inc., an Oregon corporation, in January 2022. Compl. [ECF 1]. Plaintiffs allege that this court has jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, as well as the Labor-

1 – OPINION AND ORDER

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), since the Union is a labor organization. *Id.* ¶¶ 2–6. The Training and Pension Funds are "multiemployer plans"; the Trustees of those funds are "fiduciaries"; and Defendant is an "employer" for the purposes of ERISA. 29 U.S.C. §§ 1002(5), (21)(A) & (37)(A).

The complaint alleges that Defendant is bound by a collective bargaining agreement, which incorporates the terms and conditions of the applicable Trust Agreements for the Trust Funds. *Id.* ¶ 8; Suppl. Cadonau Decl. [ECF 17], Ex. 1 (the collective bargaining agreement, or "CBA"). The CBA requires Defendant to pay fringe benefit contributions and union dues on behalf of its employees performing work under the CBA. Compl. ¶ 8.

Contributions are payments made to various funds that have been set up for particular purposes, including pensions, apprenticeship, industry promotion, and vacation. CBA at art. XVI, § 1; Cadonau Decl. [ECF 13], Ex. 1 (amounts owed spreadsheet, or "OAS") (listing these categories). The CBA provides for 12% annual interest on contributions that are not paid on time. CBA at art. XVI, § 2. Late contributions also incur liquidated damages of 10%. *Id.*

In addition, the CBA requires employers to pay union membership dues, which in some cases include "market recovery" payments. CBA at art. XVIII, § 7; OAS at 1 (listing these categories). Union membership dues are not considered contributions. *See* CBA at art. XVI, § 1. As such, late payment of dues does not automatically incur interest or require the payment of liquidated damages. However, Plaintiffs have alleged, and I accept, that ORS § 82.010 provides for a 9% interest rate on unpaid dues. Compl. ¶ 9; OAS at 2–4 (calculating a 9% interest rate on dues and market recovery). Finally, the amount employers must pay both for contributions and dues varies based on the type, experience, and skill of employees that do work under the agreement. Suppl. Cadonau Decl. ¶ 10. *See, e.g.*, CBA at art. XV, § 1; OAS at 1.

2 – OPINION AND ORDER

Plaintiffs allege that Defendant failed to make the CBA-required payments from July 2021 through June 2022. Compl. ¶ 13. According to Plaintiffs, Defendant's failure to make these payments entitles Plaintiffs to recover the unpaid dues and contributions, interest and liquidated damages as described above, and attorney fees and costs. *Id.* ¶¶ 13–15. They ask for $100,127.70 in contributions and union dues, $9,055.81 in liquidated damages, and $6,783.57 in interest. Mot. for Default J. [ECF 12] at 2. They also seek $2,103.75 in attorney fees and $537.94 in costs. *Id.*

Plaintiffs moved for an Order of Default in May 2022, which was granted. Mot. for Entry of Default [ECF 5]; Clerk's Entry of Default [ECF 7]. Plaintiffs later moved for Default Judgment and submitted declarations and exhibits in support of their motion. Cadonau Decl. [ECF 13]; Springer Decl. [ECF 14]. I held a status conference on January 23, 2023, seeking further support for and explanation of some of Plaintiffs' calculations. Plaintiffs filed a supplemental declaration and additional evidence shortly thereafter. Suppl. Cadonau Decl. [ECF 17].

## LEGAL STANDARD

After the entry of default, the court may grant default judgment and award damages. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may consider the following factors when deciding whether to grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–

18 (9th Cir. 1987). "Thus, the court must accept plaintiff's facts in the complaint as true, but the plaintiff must prove damages." *Joe Hand Prods. v. Holmes*, No. 2:12-CV-00535-SU, 2015 WL 5144297, at *3 (D. Or. Aug. 31, 2015) (citing *TeleVideo Sys.*, 826 F.2d at 917–18).

ERISA requires "[e]very employer" obligated to make contributions to a multiemployer plan or under a collective bargaining agreement to make such contributions consistent with the terms of the plan or agreement. 29 U.S.C. § 1145. In an ERISA action in which judgment is rendered in favor of the plan, the court shall award unpaid contributions, interest, liquidated damages provided for in the plan, and reasonable attorney fees and costs. 29 U.S.C. § 1132(g)(2). Liquidated damages cannot exceed 20% of the delinquent contributions. *Id.* § 1132(g)(2)(c)(ii).

In ERISA cases, fee awards "are calculated using a hybrid lodestar/multiplier approach." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). "To calculate the 'lodestar' amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by [the Ninth Circuit]." *Id.* The Ninth Circuit instructs courts to consider

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979).

## DISCUSSION

Taking the factual allegations in the complaint as true, Defendant, an "employer" under ERISA, has failed to make the required contributions and pay dues from July 2021 through June 2022. The Trust Funds meet ERISA's definition of fiduciaries, and the CBA is a collective

4 – OPINION AND ORDER

bargaining agreement that requires payments. Plaintiffs must still prove damages. The declarations accompanying the motion and the supporting documentation make clear that (1) there were unpaid contributions, (2) the plan provides for a 12% annual interest rate on those delinquent contributions, and (3) liquidated damages of 10% on those delinquent contributions are also permitted by the plan, well beneath the statutory maximum rate of 20%. Springer Decl. ¶¶ 1, 6–11; CBA at art. XVI, § 2.

Upon review of the CBA, Plaintiffs' calculations, and the other evidence provided, it is clear there are also unpaid union dues in the amount requested. Plaintiffs move for a 12% interest rate on these dues. Mot. for Default J. at 2. Assuming this is not a typographical error, the language of the CBA shows that union dues are not contributions, and the two categories are not treated the same. *Compare* CBA at art. XVI, § 1 *with id.* at art. XVIII, § 7. Unpaid union dues are therefore not subject to the 12% interest rate—or the 10% liquidated damages, which Plaintiffs do not contend apply. For this reason, I deny Plaintiffs' request (if any) for a 12% interest rate on the unpaid union dues.

Instead, I look to Plaintiffs' complaint, which alleges that a 9% statutory interest rate applies. Compl. ¶ 9. I agree that ORS § 82.010 provides for a 9% interest rate on the union dues, as the parties to the CBA did not agree to a different rate. *See* ORS § 82.010(1)(a). And Plaintiffs' own calculations show that they used a 9% interest rate in calculating the interest on the unpaid union dues. OAS at 2–4.

Plaintiffs have therefore proved damages in terms of unpaid contributions and dues. The unpaid contributions trigger 10% liquidated damages and 12% interest. The unpaid dues merit 9% interest. The amounts calculated by Plaintiffs for these items are persuasive. *See* OAS at 1–4.

5 – OPINION AND ORDER

In sum, I find that the factual allegations in the complaint establish 29 U.S.C. § 1145's elements against Defendant. Turning to the *Eitel* factors, I find that the possibility of prejudice to Plaintiffs, the merits of Plaintiffs' substantive claim, the sufficiency of the complaint, and the sum of money at stake outweigh any other interests. I therefore grant default judgment to Plaintiffs on their claim and award the amounts requested.

Similarly, Plaintiffs have provided a declaration by their attorney regarding fees and costs. Cadonau Decl. ¶¶ 9–12. That declaration, in accordance with the lodestar method, provides the attorneys' hourly rate and the number of hours expended. *Id.* Considering the *Seymour* factors discussed above, I find the attorney fees and costs reasonable and award the amounts requested.

## CONCLUSION

For the reasons given above, I GRANT default judgment to Plaintiffs on their ERISA claim. I AWARD the following in damages: $100,127.70 in fringe benefit contributions and union dues, $9,055.81 in liquidated damages, and $6,783.57 in interest through December 1, 2022. Interest shall continue to accrue on the amount of the unpaid contributions ($83,837.58) at the rate of 12% per annum from December 2, 2022, through entry of judgment. Similarly, interest shall continue to accrue on the amount of unpaid union dues ($16,290.12) at the rate of 9% per annum from December 2, 2022, through entry of judgment. I also AWARD $2,103.75 in attorney fees and $537.94 in costs.

IT IS SO ORDERED.

DATED this 8th day of February, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

6 – OPINION AND ORDER