IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING FUND et al.,** | No. 3:22-cv-00022-MO<br><br>OPINION AND ORDER |
| Plaintiffs,<br>v. | |
| **COAST MIRROR COMPANY, INC.,** | |
| Defendant. | |

**MOSMAN, J.,**

This matter comes before me on Plaintiffs' Motion for Judgment Debtor Examination [ECF 21]. Plaintiffs filed their complaint in January 2022. A year later, they moved for default judgment against Defendant, which I granted. Plaintiffs sought to recover the amount they are owed but have not received full satisfaction of the judgment. Cadonau Decl. ¶¶ 2–3 [ECF 22]. They now move to require Defendant's president, Richard J. Curtis, to appear for a judgment debtor examination. For the reasons below, I grant Plaintiffs' motion.

### LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) provides that in aid of a judgment, a judgment creditor may obtain discovery from any person, including the judgment debtor. This discovery may be obtained by any method provided in the federal rules or "by the procedure of the state

1 – OPINION AND ORDER

where the court is located." Fed. R. Civ. P. 69(a)(2). State procedure also governs execution of a judgment and proceedings in aid of a judgment. Fed. R. Civ. P. 69(a)(1).

ORS § 18.265 allows a judgment creditor to move for an order that requires the judgment debtor to appear before the court and answer questions under oath concerning any of the judgment debtor's property. ORS § 18.265(1). This motion must be supported by a garnishee response to a writ of garnishment that does not fully satisfy the judgment. *Id.* § 18.265(1)(c). In addition, the court in which the original judgment was entered is one of the courts that may issue such an order. *Id.* § 18.265(2)(a). Persons involved in the business dealings of a corporation may be called to appear on behalf of the judgment debtor when the judgment debtor is a corporation. *See Redwine v. Starboard, LLC*, 240 Or. App. 673, 676 & n.2, 677 (2011).

If a court enters an order requiring a judgment debtor examination, it may also order the judgment debtor not to sell or otherwise dispose of its assets prior to the examination. ORS § 18.265(7). The procedures for a debtor examination are further outlined in ORS § 18.268.

## DISCUSSION

Plaintiffs have met all of the requirements to have their motion granted. ORS § 18.265 is an Oregon state law procedure for obtaining discovery from a judgment debtor, so it is applicable here for Plaintiffs to use against Defendant pursuant to Federal Rule of Civil Procedure 69(a)(2). As to the requirements of the state statute itself, Plaintiffs have provided a garnishee response from Umpqua Bank showing a garnishment, but only in the amount of approximately $3,000. *See* Garnishee Resp. [ECF 20]. This is clearly not enough to satisfy a judgment of over $100,000. *See* Default J. [ECF 19]. This court is the court that issued the default judgment, so I am permitted to order the debtor examination. Finally, per Oregon caselaw, Defendant's president may be called on behalf of Defendant for the debtor examination.

## CONCLUSION

For the reasons given above, I GRANT Plaintiffs' Motion for Judgment Debtor Examination [ECF 21]. I ORDER that Richard J. Curtis, in his capacity as Defendant's president, shall appear to answer questions under oath concerning any property or interest in property that Defendant may have. The examination's date and time shall be set forthwith by separate order.

Furthermore, pursuant to Federal Rule of Civil Procedure 69(a)(1) and ORS § 18.265(7), I further ORDER that Coast Mirror Company, Inc. is hereby enjoined and prohibited from selling, conveying, transferring, or assigning any of its assets prior to the examination that are subject to execution by Plaintiffs.

Plaintiffs may also seek the documents they have requested from Mr. Curtis, *see* [ECF 22-1], pursuant to ORS § 18.270 or Federal Rules of Civil Procedure 26(b)(1), 34, 45, and/or 69(a)(2).

IT IS SO ORDERED.

DATED this 1st day of June, 2023.

                                                             /s/ Michael W. Mosman
                                                             MICHAEL W. MOSMAN
                                                             Senior United States District Judge